968 A.2d 713 (2009)
406 N.J. Super. 505
Sandra WUNSCH-DEFFLER, Plaintiff,
v.
James DEFFLER, Defendant.
DOCKET NO. FM-03-214-07.
Superior Court of New Jersey, Chancery Division, Family Part, Burlington County.
Decided January 9, 2009.
Ronald Rubin, for plaintiff.
James Bodnar, Medford, for defendant.
HAAS, J.S.C.
The issue presented in this case is one of first impression. Because the parties share equal parenting time with their unemancipated son, an adjustment needs to be made to defendant's child support obligation. This adjustment is necessary in order to account for the fact that, like the plaintiff, defendant is responsible for paying their son's "controlled expenses" as they are defined under the Child Support Guidelines. This opinion will, therefore, set forth the formula that should be used to make this required adjustment.
*714 The parties were divorced on April 3, 2007 and a Supplemental Final Judgment of Divorce, with a Property Settlement Agreement, was filed on April 18, 2007. The parties have two children, K. who was born on September 25, 1988, and R. who was born on June 19, 1991. Under their Agreement, both parties had custody of one of the children. K. lived with plaintiff and defendant had custody of R. The parties agreed that neither would pay child support to the other while this arrangement continued. If one of the children was emancipated, however, either party could apply for child support for the remaining child.
K. was subsequently emancipated by an order issued on February 29, 2008. Since that time, the parties have shared equal parenting time with R., and the child will spend 182 overnights each year with defendant. As permitted under the Property Settlement Agreement, plaintiff has filed a post-judgment motion seeking to require defendant to pay her child support.
There is no dispute as to the parties' weekly gross incomes as reflected in their Case Information Statements. Plaintiff earns $800 gross per week and defendant earns $1,047. As already noted, defendant spends 182 overnights with R. Because R. is over the age of 12, child support must be adjusted upward by 14.6% as required by the Guidelines. Using these figures, defendant's child support obligation would be $56 per week.
This case, however, presents a situation where the parties share overnight parenting time on an equal basis. Thus, an additional adjustment to the child support calculation needs to be made. This adjustment is required because, under Paragraph 14(g) of the Child Support Guidelines, Pressler, Current N.J. Court Rules, Appendix IX-A to R. 5:6A at 2330 (2009), "basic child support" consists of three consumption categories: (1) fixed expenses (representing 38% of the child support amount); (2) variable expenses (representing 37% of the child support amount), and (3) controlled expenses (representing 25% of the child support amount). "Fixed expenses" are those incurred even when the child is not residing with the parent. Housing-related expenses, like dwelling, utilities, household furnishings and household care items, are considered fixed costs. Id. at 2331 (para. 14(f)). "Variable costs" are incurred only when the child is with the parent. This category includes transportation and food. Ibid. The fixed and variable expenses must be met by both parents and each parent's responsibility is determined based upon their relative incomes and the time each spends with the child. Id. at 2330 (para. 14(g)).
"Controlled expenses," however, are different. These expenses include items like clothing, personal care, entertainment and other miscellaneous expenses. The Guidelines assume that controlled expenses are only incurred by the parent of primary residence. Accordingly, controlled expenses are apportioned between the parties based on their income shares, "not in relation to time spent with the children." Id. at 2330 (para. 14(g)(4)).
In Benisch v. Benisch, 347 N.J.Super. 393, 790 A.2d 213 (App.Div.2002), the Appellate Division was faced with a factual pattern similar to that presented here. As here, neither party was designated as the parent of primary residence because the parties had equal overnight parenting time with their children. The court, however, found that a mechanical application of the Child Support Guidelines in such a situation would be unfair because, while both parties were incurring "controlled costs" for the child due to the shared parenting time, the Guidelines assumed that only the *715 parent receiving the child support was incurring these costs. Id. at 398, 790 A.2d 213. Thus, the payor was effectively paying these costs twice: once as child support to the payee, and again when these costs were incurred during the payor's parenting time.
To remedy this situation, the Appellate Division remanded the case to the trial court to make an adjustment to the payor's child support obligation to account for the parties' shared parenting time and the fact that both parties were responsible for their children's controlled expenses. Id. at 400, 790 A.2d 213. The court, however, did not establish a specific formula for making this adjustment and no other court has done so in a published decision.
When the parties share an equal number of overnights with the child, the following three-step procedure should be used to adjust the paying parent's child support obligation to account for the fact that both parties are responsible for paying the child's "controlled expenses" during their parenting time. This procedure will "back out" the 25% in "assumed" controlled expenses from the paying parent's child support obligation. The first step is to multiply the Basic Child Support Amount determined in Line 9 of the Child Support GuidelinesShared Parenting Worksheet by the payor's income share. Second, this figure should be multiplied by 25%, which represents the controlled expenses assumed by the Guidelines. Third, the product of this calculation is then subtracted from the paying parent's "Adjusted Basic CS Amount," as reflected on Line 15 of the Worksheet. The result reached is the payor's child support obligation and takes into account that both parties, and not just the party receiving child support, pay controlled expenses for the child during their equally shared parenting time.
Applying this formula to the case at hand, the parties' Basic Child Support Amount on Line 9 of the Worksheet is $311. This figure must be multiplied by defendant's percentage income share which, as set forth on Line 6 of the Worksheet, is 53.95%. The result is $167.78. This figure must then be multiplied by 25%, representing the controlled expense percentage. The product of this calculation is $41.95. This figure is then subtracted from Line 15 of the Worksheet, $56, which is the paying parent's Adjusted Basic Child Support Amount. The result is $14.05. Thus, defendant shall pay plaintiff $14 per week in child support. Simultaneously with the issuance of this opinion, the court has provided the parties with a final order establishing child support and the effective date of defendant's obligation.