**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3326-15T1

JON ANDREW DRESSNER,

    Plaintiff-Appellant,

v.

LISA MARIE DRESSNER,

    Defendant-Respondent.

_____

       Argued August 15, 2017 — Decided August 28, 2017

       Before Judges Manahan and Gilson.

       On appeal from Superior Court of New Jersey,
       Chancery Division, Family Part, Middlesex
       County, Docket No. FM-12-1886-09.

       Natalie L. Thompson argued the cause for
       appellant (Gruber, Colabella, Liuzza &
       Thompson, attorneys; Mark Gruber and Ms.
       Thompson, on the brief.)

       Patrick T. Collins argued the cause for
       respondent (Graham Curtin, PA, attorneys; Mr.
       Collins, on the brief.)

PER CURIAM

    Plaintiff Jon Dressner appeals from certain provisions of two

post-divorce-judgment orders that addressed his requests to

terminate or modify his alimony and child support obligations.

Specifically, plaintiff objects to the effective dates of the termination and modification of his obligations, the designation of defendant, Lisa Dressner, as the parent of primary residential custody, the modification of his child support obligation, and the denial of his request for attorney and expert fees. Having reviewed these contentions and the written opinions of the Family Part judge, we affirm.

## I.

The parties were married in 1994 and divorced in 2009. They have four children, who are currently ages nineteen, eighteen, fifteen and fifteen. At the time of their divorce, the parties entered into a property settlement agreement (PSA). Under the PSA, the parties, among other things, agreed (1) to essentially share equal parenting time with their children; (2) plaintiff would pay defendant alimony for ten years in the amount of $3333 per month; and plaintiff would pay defendant child support of $277 per month. Those support provisions were premised on plaintiff earning $198,184 per year and defendant earning $64,780 per year.

In August 2012, plaintiff lost his job as a vice president of marketing. After making efforts to obtain comparable employment, plaintiff took a position with a family-owned business where, by 2015, he was being paid $85,000 per year. Plaintiff

also earned approximately $8500 per year from a consulting business he had established.

On December 13, 2013, plaintiff sent defendant a letter notifying her that he was seeking to suspend his support obligations. Thereafter, on January 12, 2014, plaintiff filed a motion to suspend his alimony payments and to terminate his child support obligation. Plaintiff also sought other relief. Defendant opposed that motion and cross-moved for an award of attorney's fees.

In an order entered on February 14, 2014, the Family Part found that plaintiff had made a prima facie showing of a change in circumstances, allowed discovery, and set the matter down for a plenary hearing. The February 14, 2014 order also provided that "[a]ny modification of child support shall be retroactive to the date of filing of this application."

The court conducted a three-day plenary hearing in late 2014 and early 2015. Both parties testified and plaintiff called an employment expert and his aunt, who at the time ran the family business for which he was working. Following the hearing, the parties submitted additional briefs.

On July 16, 2015, Judge Christopher Rafano issued an order and supporting written opinion. Among other things, Judge Rafano (1) granted plaintiff's application to terminate his alimony

obligation and made that termination effective July 16, 2015; and (2) denied both parties' requests for attorney's fees. The judge found that plaintiff had lost his job in August 2012, had made diligent efforts to find comparable work, and ultimately had taken employment with a family business. The judge also found that plaintiff was currently earning approximately $93,500 per year and defendant was earning approximately $131,000 per year. Thus, Judge Rafano terminated plaintiff's alimony obligation, but after considering the "equities" made that termination effective July 16, 2015 - - the date of the order. The judge also denied both parties' requests for attorneys' fees reasoning that both parties "acted in good faith."

In the July 16, 2015 order, Judge Rafano denied without prejudice plaintiff's request to terminate his child support obligation. The judge then directed the parties to submit additional information and proofs, which the parties did.

On February 29, 2016, Judge Rafano issued an order addressing plaintiff's request to terminate his child support obligation. The judge also issued child support guidelines and again supported that order with a written statement of reasons.

The judge modified, but did not terminate plaintiff's child support. Specifically, the judge reduced plaintiff's child support from $277 per month to $19 per week (that is, $82.33 per

month), effective July 16, 2015. In his supporting statement of reasons, the judge found that defendant should be designated as the parent of primary residential custody because the children attended school in the district where defendant resided. The judge also decided not to make adjustments to the child support for controlled expenses, as allowed in Wunsch-Deffler v. Deffler, 406 N.J. Super. 505 (Ch. Div. 2009). In that regard, Judge Rafano reasoned that it was better to consider only the facts that were "undisputed[.]" Finally, Judge Rafano explained that he considered the facts and equities of this case and decided to make the reduction in child support effective as of July 16, 2015.

## II.

Plaintiff now appeals from certain provisions in the orders issued on July 16, 2015 and February 29, 2016. Specifically, plaintiff makes five arguments contending that the Family Part erred in (1) designating defendant as the parent of primary residential custody; (2) not adjusting child support for controlled expenses; (3) failing to terminate child support as of the date plaintiff filed his motion (that is, January 12, 2014); (4) not terminating his alimony obligation retroactively; and (5) not awarding him attorney and expert fees. We reject these arguments and affirm substantially for the reasons explained by Judge Rafano in the written opinions he issued on July 16, 2015

and February 29, 2016.  We add a few comments focusing on our standard of review.

Our scope of review of a Family Part decision is limited. "Whether an alimony obligation should be modified based upon a claim of changed circumstances rests within a Family Part judge's sound discretion." Larbig v. Larbig, 384 N.J. Super. 17, 21 (App. Div. 2006).  Similarly, we review an application to modify a child support obligation for abuse of discretion.  See Pascale v. Pascale, 140 N.J. 583, 594 (1995) (explaining, "trial courts have discretion in determining child support").  Generally, we will not disturb the Family Part's decision on support obligations "unless it is 'manifestly unreasonable, arbitrary, or clearly contrary to reason or to other evidence, or the result of whim or caprice.'" Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012) (quoting Foust v. Glaser, 340 N.J. Super. 312, 316 (App. Div. 2001)).

In reviewing an order entered after a fact-finding hearing, we defer to the factual findings "supported by adequate, substantial, credible evidence." Spangenberg v. Kolakowski, 442 N.J. Super. 529, 535 (App. Div. 2015) (quoting Gnall v. Gnall, 222 N.J. 414, 428 (2015)).  Thus, reversal is proper only when the trial court's factual findings are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably

credible evidence as to offend the interests of justice[.]" Ibid.
(quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65
N.J. 474, 484 (1974)). We review de novo a trial court's
determination on questions of law. Reese v. Weis, 430 N.J. Super.
552, 568 (App. Div. 2013).

Regarding the effective date of the modification of
plaintiff's child support obligation, we note that

> [n]o payment or installment of an order for
> child support, or those portions of an order
> which are allocated for child support
> established prior to or subsequent to the
> effective date of P.L. 1993, c. 45 ([N.J.S.A.]
> 2A:17-56.23(a)],[1] shall be retroactively
> modified by the court except with respect to
> the period during which there is pending
> application for modification, but only from
> the date the notice of motion was mailed
> either directly or through the appropriate
> agent.
>
> [N.J.S.A. 2A:17-56.23a.]

The plain language of this statute prohibits retroactive
modification of a child support obligation to a date prior to the
mailing of the notice of motion for such a modification. "There
is no analogous statutory provision that prohibits retroactive
reduction of alimony payments." Walles v. Walles, 295 N.J. Super.
498, 514 (App. Div. 1996). With the exception of N.J.S.A. 2A:17-
56.23a, "the retroactivity decision is left to the sound discretion

---

[1] This amendment took effect on February 18, 1993.

of the trial judge."  Ibid. (citing Brennan v. Brennan, 187 N.J. Super. 352, 357 (App. Div. 1982)).

Here, the notice of motion was filed on January 12, 2014, and the child support obligation was modified effective July 16, 2015, by an order entered on February 29, 2016.  Thus, the Chancery Court's order did not violate the provisions of N.J.S.A. 2A:17-56.23a and we discern no abuse of discretion in the decision to establish July 16, 2015, as the effective date of the modification of plaintiff's child support obligation.

Regarding plaintiff's request for counsel fees and costs, we review a trial judge's decision on an application for fees under an abuse of discretion standard.  United Hearts v. Zahabian, 407 N.J. Super. 379, 390 (App. Div.) (citing Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005)), certif. denied, 200 N.J. 367 (2009).  Rule 5:3-5(c) provides that

> [s]ubject to the provisions of [Rule] 4:42-9(b), (c), and (d), the court in its discretion may make an allowance, both pendente lite and on final determination, to be paid by any party to the action, including, if deemed to be just, any party successful in the action, on any claim for divorce, dissolution of civil union, termination of domestic partnership, nullity, support, alimony, custody, parenting time, equitable distribution, separate maintenance, enforcement of agreements between spouses, domestic partners, or civil union partners and claims relating to family type matters . . . .  In determining the amount of the fee

award, the court should consider, in addition to the information required to be submitted pursuant to [Rule] 4:42-9, the following factors: (1) the financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial; (4) the extent of the fees incurred by both parties; (5) any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of an award.

Plaintiff argues that defendant acted in bad faith by pursuing a plenary hearing "without a good faith basis." Plaintiff also argues that defendant did not dispute that there had been changed circumstances since the parties executed the PSA. Further, plaintiff argues that the gross disparity in the parties' incomes should have resulted in a settlement without the necessity of a plenary hearing.

Judge Rafano, however, found that both parties had acted in good faith in pursuing their positions. He stated that

[p]laintiff brought forth a claim for reduction or termination of alimony on the reasonable premise that he is making a salary which is well below the amount he was making at his previous job. Likewise, the [d]efendant reasonably argued that she should retain the benefit of the bargain struck in the parties' judgment of divorce and questioned whether the

9

> [p]laintiff had fully explored all options
> before accepting his current job.

The court's conclusion that both parties had acted in good faith was supported by substantial credible evidence in the record. Having reached this conclusion, the court did not abuse its discretion in declining to award counsel fees or costs to either party.

In short, Judge Rafano considered and expressly addressed each of the arguments that plaintiff now presents on appeal. The facts found by Judge Rafano are supported by substantial credible evidence in the record. Moreover, we discern no abuse of discretion or error in Judge Rafano's application of the law to the facts he found and the equities he considered.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3326-15T1