**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4353-15T1

CHRISTOPHER L. RAUCCI,

    Plaintiff-Respondent/
    Cross-Appellant,

v.

JAMYE G. VALOTTA,

    Defendant-Appellant/
    Cross-Respondent.

_____

        Submitted August 22, 2017 — Decided  September 6, 2017

        Before Judges Manahan and Gilson.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Family Part, Gloucester
        County, Docket No. FD-08-0876-15.

        Weinberger Divorce & Family Law Group, LLC,
        attorneys for appellant/cross-respondent
        (Melissa O. Hoffman, of counsel and on the
        brief).

        Puff & Cockerill, LLC, attorneys for
        respondent/cross-appellant (Barbara B. Moore,
        of counsel and on the brief).

PER CURIAM

    Defendant Jamye Valotta, the mother, appeals from a May 6,

2016 order that addressed parenting time and child support issues.

Plaintiff Christopher Raucci, the father, cross-appeals from other aspects of that order. Having considered the contentions of the parties in light of our standard of review, we affirm.

The parties dated for approximately three years and they have one child, a son born in 2014. Assisted by legal counsel and mediation, the parties have resolved most of their parenting issues.

In March and April 2015, the parties entered into two consent orders, under which they agreed to share joint legal custody, to a parenting time plan, and child support, with plaintiff paying defendant $100 per week. Thereafter, the parties continued to discuss parenting issues and attempted to work out a more comprehensive custody agreement. Initially, their discussions were not successful and, in early 2016, both parties filed motions to address custody issues.

Ultimately, on May 5, 2016, the parties were successful in working out a custody agreement that resolved all but two issues. That agreement was memorialized in writing and was incorporated into a consent order filed on May 5, 2016 (May 2016 custody agreement). Under the May 2016 custody agreement, the parties agreed (1) to share joint legal custody of their son; (2) that "neither [p]arty shall be designated the [p]arent of [p]rimary [r]esidence at this time[;]" and (3) to a parenting time schedule.

A-4353-15T1

The parties also resolved various other issues in the May 2016 custody agreement.

The parenting time schedule covered a fourteen-day cycle, and states that plaintiff picks up the child on Thursday at 11:15 a.m. and returns the child on Friday at 12:30 p.m., plaintiff picks up the child on Monday at 11:15 a.m. and defendant picks up the child on Tuesday between 12:15 and 12:30 p.m., plaintiff then has the child for the weekend beginning Friday at 11:15 a.m. with defendant picking up the child on Monday between 12:15 and 12:30 p.m. The parties could not agree on the number of overnights that plaintiff should be credited, nor could they agree on child support. Thus, those two issues were presented to the court for resolution.

The court heard arguments on those two issues on May 5, 2016. The following day the court entered an order (1) finding that the parties shared a true 50/50 parenting time schedule; (2) finding that a deviation from the New Jersey Child Support Guidelines was appropriate; (3) denying both parties' requests for child support; and (4) directing the parties to share the cost of the child's healthcare, which was $21 per week.

Defendant appeals from the May 6, 2016 order and argues that the Family court erred in (1) finding that the parties had a 50/50 parenting time schedule; (2) refusing to hold a plenary hearing on the designation of a parent of primary residential custody; (3)

crediting plaintiff with equal parenting time under the New Jersey Child Support Guidelines; and (4) denying defendant's request for child support. Plaintiff cross-appeals and argues that the Family Part erred in failing to require defendant to pay him child support based on his contention that he was exercising eight out of fourteen overnights with the child.

Having considered both parties' arguments in light of the record and law, we are not persuaded by any of the arguments and we affirm the May 6, 2016 order.

Our scope of review of a Family Part decision is limited. We review an application to modify a child support obligation for abuse of discretion. See Pascale v. Pascale, 140 N.J. 583, 594 (1995) (explaining, "trial courts have discretion in determining child support"). Generally, we will not disturb the Family Part's decision on support obligations "unless it is manifestly unreasonable, arbitrary, or clearly contrary to reason or to other evidence, or the result of whim or caprice." Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012) (quoting Foust v. Glaser, 340 N.J. Super. 312, 316 (App. Div. 2001)).

While articulated in different ways, both defendant and plaintiff really make one principal argument. They contend that the Family Part erred in determining that the parties had a 50/50 parenting time schedule. The parties worked out and agreed to the

actual schedule. The question presented to the family judge was how many overnights plaintiff should be credited with during the fourteen-day cycle. Plaintiff's contention that he is exercising eight out of fourteen overnights is based on a highly technical reading of the Child Support Guidelines. Specifically, he contends that because of the pickup and drop off times, he has the child for more than twenty-four hours and, thus, he should be given credit for two overnights when he picks up the child before 12 noon and the child is returned after 12 noon the following day.

The family judge acted well within his discretion in rejecting that argument. At the same time, the family judge had the discretion to consider the parties contentions and to give plaintiff some credit for the extra time spent with the child. Accordingly, we discern no abuse of discretion in the family judge's decision to treat the parenting time arrangement as a 50/50 arrangement.

We also discern no abuse of discretion in the family judge's decision to deny both parties' request for child support. The parties had stipulated that plaintiff's annual income was $65,000 and defendant's annual income was $49,920. Having determined that the parents shared essentially equal parenting time, and given the parties' relatively close annual incomes, the court acted within its discretion in deciding not to adjust the child support for

controlled expenses, as allowed in Wunsch-Deffler v. Deffler, 406 N.J. Super. 505 (Ch. Div. 2009).

We also reject defendant's argument that a plenary hearing was necessary. In the May 2016 custody agreement, the parties expressly agreed that, at this time, neither of them would be designated the parent of primary residential custody. Thus, there was no need for a plenary hearing on that issue. With regard to the number of overnights, as we have already noted, the parties themselves worked out the specific parenting time schedule. Accordingly, there was no need for the court to hold a plenary fact-finding hearing. Instead, the court had to exercise its discretion in evaluating the parties' agreement and determining the number of overnights to credit to each party.

In affirming the May 6, 2016 order, we note that the order is a temporary order. At this time, the child is not attending school. That will change. Accordingly, both parties recognize that they will need to adjust the current parenting-time schedule when the child begins attending school. Indeed, the May 2016 custody agreement expressly acknowledges that there will be a future adjustment. Hopefully, the parties will be able to work that issue out through discussions in the best interest of the child. Such a resolution, whether reached through discussions, mediation, or court order, will probably require some adjustments

A-4353-15T1

in the overnight parenting time schedule and may well result in one of the parents being designated as the parent of primary residential custody.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4353-15T1