**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4576-17T1

JOSEPH M. COLLETTE, II,

     Plaintiff-Appellant,

v.

BRITTANY A. WELSH,

     Defendant-Respondent.

_____

          Submitted January 17, 2019 – Decided March 28, 2019

          Before Judges Simonelli and Whipple.

          On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Atlantic County, Docket No. FD-01-0077-18.

          Joseph M. Collette, II, appellant pro se.

          Respondent has not filed a brief.

PER CURIAM

     Plaintiff Joseph Collette appeals from an April 13, 2018 Family Part child support order. We reverse and remand for a hearing.

Plaintiff and defendant, Brittany Welsh, have shared custody of their son. On November 28, 2017, they negotiated a parenting schedule and child support, which was memorialized in an order. They subsequently executed three written consent orders on March 9, 2018, which modified their November 28, 2017 agreement in order to change their parenting schedule to accommodate their son's school schedule, share summer camp expenses and change the holiday schedules for 2018. On March 20, 2018, plaintiff moved to re-calculate child support due to changed financial circumstances, the omission of work-related childcare on the Child Support Guidelines (Guidelines) worksheet, an inaccurate overnight calculation because of the agreed changes to the schedule and the need to address controlled expenses incurred as a result of equally shared parenting time.

On April 9, 2018, the parties appeared before a hearing officer who denied plaintiff's request to recalculate overnights but agreed both parties' incomes had changed. The hearing officer ran the Guidelines using the previously agreed-upon 209 overnights for defendant and 156 overnights for plaintiff and recommended a new support amount of $122 per week. Plaintiff appealed to the Family Part judge because he believed the hearing officer's overnight calculation

2

failed to account for those days in which he had the parties' son for over twelve hours and instead only considered where the child slept at night.

Plaintiff argued "overnight" should have been interpreted to mean the majority of the twenty-four-hour day, as defined by Appendix IX-A to Rule 5:6A, not where the child sleeps at night. Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5:6A, www.gannlaw.com (2019). The judge rejected this argument and defined "overnight" as where the child sleeps, stating:

> I go by what we do in this courthouse. And I understand those guidelines. And in this courthouse when we make a determination, overnight is sleeping overnight at the house. And so we do not give that credit if the child is not sleeping over the house. Understand, those guidelines are – that's what's a guideline is, a guideline. So I follow what, what the family law judges have historically done. And that's . . . the way I will do it for this.

Plaintiff also contested his responsibility for controlled expenses. He argued if overnights were properly defined, there would be no Parent of Primary Residence (PPR) because the child spends equal time at each home. The judge disagreed and stated:

> Well here's the thing. You're lucky enough to have this child between you. And although – and it didn't work out between the two of you. At the end of the day it should be about the best interest of your son.

> And what's really in the best interest of you is spending time with your child.

This appeal followed.

"Because of the family courts' special jurisdiction and expertise in family matters, appellate courts should accord deference to family court factfinding." Cesare v. Cesare, 154 N.J. 394, 413 (1998). This deference applies "unless it is determined that [the judge] went so wide of the mark that the judge was clearly mistaken." N.J. Div. of Youth & Family Servs. v. G.L., 191 N.J. 596, 605 (2007). However, questions of law determined by the trial court require de novo review by the appellate court. Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 587 (App. Div. 2016).

On appeal, plaintiff argues it was error for the judge not to follow the Guidelines for computing parenting time to determine overnight shares. If overnight is defined as a majority of twenty-four hours, plaintiff contends there is no true PPR and his controlled expenses obligation should be recalculated. Although not addressed below, plaintiff now argues defendant should not have been awarded an Other Legal Dependents deduction without providing proof of income.

Plaintiff is entitled to a hearing. In reviewing the Guidelines, "[o]vernight means the majority of a [twenty-four]-hour day (i.e., more than [twelve] hours)."

Pressler & Verniero, Appendix IX-A to R. 5:6A.  The Guidelines make no mention of where the child physically sleeps.  Therefore, the court's decision to ignore the meaning of the term "overnight," precisely defined in the Guidelines as more than twelve hours in a twenty-four-hour day, was an abuse of discretion.  Moreover, the judge offered no practical reason for defining "overnight" as where the child actually sleeps.

Inherent in the Guidelines are expectations, which are often inexact, about which parent bears more of a burden of the child's expenses.  In a shared custody situation, the Guidelines anticipate that only the PPR incurs "controlled expenses," such as for clothing and personal care, which is one-fourth of the basic child support amount.  Benisch v. Benisch, 347 N.J. Super. 393, 397 (App. Div. 2002).  Wunsch-Deffler v. Deffler addressed the formula for backing out a percentage of controlled expenses when the parents share equal overnights with the child.  406 N.J. Super. 505, 509 (Ch. Div. 2009).[1]  Based on this record, we cannot discern whether plaintiff and defendant actually have a true fifty-fifty arrangement for purposes of calculating child support based on the parties' respective overnights.  Thus, the Family Part must consider how many days each

---

[1]  Although not binding on this court, see S & R Associates v. Lynn Realty Corp., 338 N.J. Super. 350, 355 (App. Div. 2001), we find Wunsch-Deffler to be an instructive case in these circumstances.

parent has the child for more than twelve hours. Pending the court's determination, a <u>Wunsch-Deffler</u> analysis may also be required because the overnight calculation has an impact on how controlled expenses might be shared.

Moreover, the Guidelines to <u>Rule</u> 5:6A set forth the factors that allow for adjustment of the basic child support obligation. If a parent, such as defendant, is attempting to claim the Other Legal Dependents deduction, "where there is not an order requiring either parent to pay support for the other dependent this adjustment shall be used only if the income, if any, of the other parent of the secondary family is provided to or ascertainable by the court[.]" Pressler & Verniero, Appendix IX-A to <u>R.</u> 5:6A. The record does not reflect whether defendant's spouse's income was reported to the court.

Up-to-date case information statements are to be filed by the parties, along with all other appropriate documentation, before support is recalculated using the shared parenting guidelines.

Reversed and remanded for further findings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-4576-17T1