**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1395-19T4

ARMENIA I. LIRANZO,

     Plaintiff-Appellant,

v.

KEVIN K. GWYN,

     Defendant-Respondent.

_____

     Argued telephonically September 22, 2020 –
     Decided October 2, 2020

     Before Judges Yannotti and Mawla.

     On appeal from the Superior Court of New Jersey,
     Chancery Division, Family Part, Union County, Docket
     No. FD-20-0908-12.

     Gail J. Mitchell argued the cause for appellant
     (Schwartz Barkin & Mitchell, attorneys; Gail J.
     Mitchell, on the brief).

     Respondent has not filed a brief.

PER CURIAM

Plaintiff Armenia Liranzo appeals from an October 24, 2019 order, which required her to pay ninety dollars per week in child support to defendant Kevin K. Gywn. We reverse and remand for further proceedings consistent with this opinion.

This non-dissolution matter involves the parties' son who is presently nine years of age. The parties have a lengthy history of litigation, whose relevant aspects we summarize here. Pursuant to litigation initiated by the Division of Child Protection and Permanency (Division), defendant received temporary custody of the parties' son on December 8, 2016. Nearly one month later, defendant filed a motion in this non-dissolution case to terminate his child support obligation and child support from plaintiff. The court entered an order on January 25, 2017, requiring plaintiff to pay defendant child support of $128 per week plus a weekly sum toward arrears.

Less than one month later, plaintiff filed a motion to decrease child support arguing the child support order did not reflect her childcare expenses for her younger child from a different relationship, auto insurance costs, and rent expenses. On March 8, 2017, the court granted the motion and entered an order reducing child support to $125 per week. The order noted the decrease accounted for "[childcare] costs for [plaintiff's] other dependent."

A-1395-19T4

On March 28, 2018, the court entered an order in the litigation involving the Division maintaining joint legal custody of the parties' son and continuing physical custody with defendant. The order granted plaintiff overnight parenting time every weekend from Friday after school until Sunday evening and one day of mid-week non-overnight parenting time. The Division and the parties entered child welfare mediation, which resulted in a July 12, 2018 consent order wherein the parties agreed to an equal shared parenting time plan.

On July 31, 2018, plaintiff filed a motion to terminate child support because of the shared parenting plan. The court issued an August 29, 2018 order temporarily suspending child support and relisting the matter, requiring the parties to return to court with "completed case information sheets and income information." On January 15, 2019, the court entered an order reducing plaintiff's child support obligation to $102 per week.

On January 24, 2019, plaintiff moved to decrease child support again, arguing the preceding order failed to consider her: medical insurance costs, mandatory union dues, second child as an other dependent deduction (ODD), and YMCA dues she claimed were also mandatory. Plaintiff argued she had "complete custody" of her second child and was unable to care for both children due to her child support obligation. On January 29, 2019, the court granted the

A-1395-19T4

application and reduced plaintiff's child support obligation to ninety dollars per week. The guidelines worksheet attached to the order reflect deductions for mandatory retirement contributions, union dues, and consideration of the child's portion of the health insurance premium, but not the ODD.

On August 5, 2019, plaintiff filed a motion to reduce child support and for primary physical custody. As pertains to the issues raised on this appeal, plaintiff asserted the prior court order did not grant her an ODD and did not consider that her teaching salary was only paid ten months per year. Plaintiff who thus far had been self-represented, appeared before the motion judge with counsel who argued the January 29 order was erroneous for the reasons plaintiff expressed in her written submission, but also presented a notarized letter from the child's caregiver confirming she charged plaintiff thirty-five dollars per week to care for the parties' son. Counsel also argued the judge should adjust child support to account for the equal parenting time and its effects on their expenses pursuant to Wunsch-Deffler v. Deffler, 406 N.J. Super. 505 (Ch. Div. 2009). The judge adjourned the matter in order to review the file involving the litigation with the Division to address plaintiff's custody application and ordered the parties to return with their current income information.

4

When the parties returned to court on October 23, 2019, the motion judge considered further argument and ordered plaintiff to continue paying ninety dollars per week in child support plus ten dollars toward arrears. The written order stated: "The [c]ourt deviated from the child support guidelines based upon the incomes of the parties and the disparity in their financial circumstances. The [c]ourt did not follow the [Wunsch-Deffler] procedure because the calculation results in a negative [two dollars], which is not equitable under the circumstances." The guidelines worksheet attached to the order calculated child support of thirty-nine dollars per week. The guideline worksheet included the ODD, plaintiff's mandatory retirement contribution, union dues, work related childcare of twenty dollars per week, and the child's share of the health insurance premium.

The motion judge expressed her reasoning in a lengthy colloquy with the parties and plaintiff's counsel stating as follows:

> I have to make sure that whatever child support is established in the case, it has to be reasonable. It has to be based on equitable considerations of the parties and the [c]ourt, and I just don't find it fair that what . . . Wunsch-Deffler's going to [do is reduce child support] down to zero. . . . [Plaintiff] makes $78,821 a year. [Defendant] makes $48,776. It is a [30,000]-dollar difference . . . . That would mean that [defendant] would have absolutely no assistance with any expenses

A-1395-19T4

> related to the child even though he makes [$30,000] a year less . . . .
>
> . . . . So I think under the circumstances, equity requires me to deviate from the guidelines. . . . I believe that it should stay at [ninety dollars] a week. . . . I have discretion to deviate from the guidelines, and I think in this case it's required.

The judge explained she used twenty-five dollars as the childcare expense on the guidelines worksheet "because [thirty-five dollars] covers five days a week and . . . [the caregiver] is not picking up the child five days a week because . . . two-and-a-half days . . . [defendant] picks up the child or has someone doing it."

On appeal, plaintiff repeats the arguments that the guideline calculations were incorrect because 1) her income was incorrectly calculated on a twelve month pay period; 2) she is entitled to the benefit of the ODD, the entire sum of the childcare paid for the parties' son, and the Wunsch-Deffler analysis; 3) the judge improperly equalized the parties' incomes and considered the child support plaintiff receives for her second child as a basis for finding an income disparity; and 4) the judge did not state her reasons for deviating from the guidelines by making the statutory findings required by Rule 5:6A.

The general rule is that "findings by a trial court are binding on appeal when supported by adequate, substantial, credible evidence." Gnall v. Gnall, 222 N.J. 414, 428 (2015). Therefore, we review a child support award for an

6

abuse of discretion.  Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012).  "If consistent with the law, such an award will not be disturbed unless it is manifestly unreasonable, arbitrary, or clearly contrary to reason or to other evidence, or the result of whim or caprice."  Ibid. (quoting Foust v. Glaser, 340 N.J. Super. 312, 315-16 (App. Div. 2001)).  However, "all legal issues are reviewed de novo."  Ricci v. Ricci, 448 N.J. Super. 546, 565 (App. Div. 2017).

We recently stated:

> Rule 5:6A requires a trial judge to employ the Guidelines when establishing child support unless "good cause is shown." . . .
>
> "If a [judge] determines deviation from the guidelines is appropriate, [the judge] must nevertheless calculate the guidelines-based support award and state the specific findings justifying its deviation therefrom — specifically, why deviation is in the best interests of the child."  Avelino-Catabran[ v. Catabran, 445 N.J. Super. 574, 594 (App. Div. 2016)].  "If the [G]uidelines are found inapplicable . . . the court should consider the factors set forth in N.J.S.A. 2A:34-23 or N.J.S.A. 9:17-53 when establishing the child support award."  Pressler & Verniero, Appendix IX-A to R. 5:6A at ¶ 3.
>
> [Gormley v. Gormley, __ N.J. Super. __, __ (App. Div. 2020) (slip op. at 17-18) (alterations in original).]

The motion judge made none of the statutory findings required by Rule 5:6A in order to deviate from the guidelines and misapplied the law.  For these reasons, we remand the matter for reconsideration and application of the

applicable law. We do not reach plaintiff's arguments relating to the ODD and childcare expenses because they must abide the judge's findings as to whether a deviation from the guidelines is warranted after making the necessary statutory findings.

Although our remand does not necessitate an in-depth discussion of plaintiff's remaining arguments, we note that we have no means to discern how the judge calculated plaintiff's income because we have not been provided with proof of her income on appeal. Nor do we have a means of determining whether the judge attempted to equalize the parties' incomes as the guidelines worksheet the judge prepared does not reveal the income was equalized and the judge's reference to the parties' income disparity also does not establish that she undertook to equalize their incomes. Regardless, the guidelines are predicated on an income-shares approach to child-rearing, and contemplate that

> [i]n intact families, the income of both parents is pooled and spent for the benefit of all household members including the children. Each parent's contribution to the combined income of the family represents their relative sharing of household expenses. . . . This same income sharing principle is used to determine how the parents will share a child support award. In dissolved or non-formed families, however, the parents share only the expenses for the child (i.e., the Appendix IX-F support schedules are based on the marginal or added cost of a child or children to an adult couple).

[Pressler & Verniero, Appendix IX-A to R. 5:6A at ¶ 4.]

Therefore, an income equalization would constitute a deviation from the guidelines and necessitate the concomitant statutory findings, which were not made here.

To the extent we have not addressed an argument raised by plaintiff, it is because it lacks sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1395-19T4