**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0021-23

MEGAN E. LOMICKY,

    Plaintiff-Respondent,

v.

NICHOLAS LOMICKY,

    Defendant-Appellant.

_____

Submitted December 4, 2024 – Decided February 14, 2025

Before Judges Currier and Marczyk.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FM-13-0467-21.

Louis S. Scalzo, attorney for appellant.

Respondent has not filed a brief.

PER CURIAM

In this one-sided appeal, defendant Nicholas Lomicky appeals from the trial court's May 25, 2023 order recalculating child support after the parties

consented to terminate alimony and their sharing parenting time. Defendant further appeals the trial court's August 11, 2023 order denying his motion for reconsideration. Based on our review of the record and the applicable legal principles, we affirm.

I.

The parties were married in November 2013 and had two children. The marriage ended by judgment of divorce in February 2021.

Pursuant to the August 2020 Marital Settlement Agreement (MSA), the parties agreed to joint legal custody of the children, and plaintiff Megan Lomicky was designated as the parent of primary residence (PPR). The MSA noted they "anticipate that they will enjoy a shared parenting time plan" once defendant obtained suitable housing. The MSA further provided that based upon their respective incomes of $50,000 per year for plaintiff and $60,000 for defendant, defendant would pay limited durational alimony for three years, subject to the sale of the marital home. The parties further agreed defendant would pay child support in the amount of $120 per week, which would be recalculated upon the termination of alimony.

In April 2023, defendant moved to terminate his alimony obligation and recalculate his child support obligation. Defendant asked the court to:

recalculate his child support to reflect his income for 2022, $60,444[1]; determine the parties currently "have a true shared parenting agreement"; and to apply a Wunsch-Deffler[2] credit given the parties shared parenting time. Defendant acknowledged plaintiff paid for the children's health insurance and that she is entitled to a credit for the children's share of the health insurance premium paid by her.

Plaintiff filed a cross-motion where she agreed that child support should be recalculated, and the alimony should be terminated as of May 2023. However, plaintiff disagreed with defendant's child support calculation. She disputed defendant's $60,444 income figure noting "[i]t is not clear how [defendant's] income was changed by $30,000" because defendant's first case information statement (CIS) had four W-2s attached, and only one was attached to defendant's subsequent letter to the court. Plaintiff agreed the parties equally shared parenting time.

---

[1] As noted below, defendant originally indicated his 2022 gross income was $94,369. Subsequent to filing the motion, defense counsel wrote to the court and explained that defendant erroneously overstated his 2022 gross income by approximately $30,000.

[2] Wunsch-Deffler v. Deffler, 406 N.J. Super. 505 (App. Div. 2009).

A-0021-23

Plaintiff requested the court to deny defendant's request to apply the Wunsch-Deffler credit "given the unique facts" of the case. Plaintiff noted in Wunsch-Deffler, "both parties were paying their own 'fixed expenses,' which includes housing costs, and the obligor was earning" only $200 more than the obligee. She noted defendant here "earns nearly double [her] income [and] lives in a $2.6 million . . . home . . . and according to his own CIS, he does not pay any housing expenses." Plaintiff conceded she also did not pay housing expenses because she and the children reside with her parents, one of whom was in a nursing home. She also noted her parents do not help support the children.

In May 2023, the court heard oral argument and entered an order terminating defendant's alimony obligation per the parties' agreement. The court noted there was a substantial change in circumstances given that the parties now shared parenting time, which warranted a recalculation of child support. It further stated the termination of defendant's alimony left defendant with more available income and plaintiff with less. The court calculated child support pursuant to the Child Support Guidelines, Sole Parenting Worksheet, and determined defendant's new obligation would be $123 per week, which was to be paid through probation via wage garnishment. The court explained:

> Plaintiff is designated as PPR per the parties MSA. The
> court rejects [defendant's] argument[] that a shared

parenting worksheet is appropriate, and further rejects that the court should employ [the] <u>Wunsch-Deffler</u> formula. It is not proper to use a shared parenting worksheet, regardless of the shared parenting arrangement. Plaintiff's income is too low to meet the minimum level for the self-support reserve and as a result the guidelines will not allow a shared parenting calculation. Moreover, the court cannot apply <u>Wunsch-Deffler</u> to a sole parenting worksheet.

Defendant moved for reconsideration arguing the trial court erroneously designated plaintiff as PPR and incorrectly utilized a sole parenting worksheet. He further asserted the court failed to address that plaintiff is not paying fixed expenses, and the court should have adjusted the shared controlled expenses under <u>Wunsch-Deffler</u>.

Plaintiff in turn cross-moved opposing reconsideration and sought counsel fees, given that this was defendant's third application within the past year to reduce child support.

Following oral argument, the court entered an August 11, 2023 order denying defendant's motion for reconsideration and granting plaintiff's application for attorney fees. The court stated:

> [Defendant] disagrees with the court's calculations because he believes [plaintiff] has been given credit for fixed housing expenses when she is not incurring "fixed monthly housing costs" because she is living with her parents. He avers that [plaintiff] is not solely responsible for housing expenses. [Defendant]

5

A-0021-23

advocates the "fixed expenses" that make up 38% of child support should be adjusted. Additionally, [defendant] argues that the court . . . improper[ly] reli[ed] on "default" from the shared parenting worksheet to sole parenting worksheet because of an erroneous PPR Household Income Test. The court notes that use of sole v. shared worksheets rests solely in this court's discretion. [Plaintiff]'s income is barely at the recommended level the guidelines consider appropriate for shared parenting. Even if [defendant] is correct and the court should use [plaintiff]'s parents' incomes, the court is still not mandated to use the shared worksheet. [Defendant]'s income, when carefully considered, is far greater than [plaintiff]'s. Furthermore, he too has other household income the court has not considered. Essentially, both parties have "lower" fixed housing expenses because they are both living in someone else's house. The difference for [plaintiff], however, is she [stays in] her childhood bedroom . . . while [defendant] shares a home with his girlfriend.

The court also addressed the discrepancies regarding defendant's income:

The court has, once again, carefully looked at the pay[]stubs attached in both motions. The most recent pay stub is dated March . . . 2023 and covers [twelve] weeks of pay in 2023. . . . [Defendant]'s base pay is $42 per hour. He receives overtime of $63 per hour. The court only used the base and overtime pay. The court did not add in [defendant]'s paid time off (PTO $42 per hour) or holiday pay (also at the rate of $63 per hour). Just average pay including overtime yields a total gross income for[] [twelve] weeks of $21,185.26, and an average weekly wage of $1,765.43. This weekly wage over a year, yields a gross annual income of $91,802. If the court includes the actual gross pay,

6

inclusive of holiday and PTO, the numbers increase[]
to an annual income of $101,540.[]<sup>3</sup>

The court determined it "will not adjust the original calculation and it shall remain at $123 per week" because "[e]ven using the shared parenting worksheet, as [defendant] urges, [the support obligation] would [be] $115 per week, an $8 difference."<sup>4</sup> The court further stated:

> This court did not base its decision on incorrect reasoning and did not fail to consider the proper number of people residing in [plaintiff]'s household. As spelled out in the order, [plaintiff] is designated as PPR per the parties' MSA. The court rejected [defendant]'s arguments that a shared parenting worksheet is appropriate because [plaintiff]'s income is too low to meet the minimum level for the self-support reserve. Her 2022 income is even lower than what was presented in the prior motion, while [defendant]'s income appears to be well above what he asserts it to be.

Regarding plaintiff's request for counsel fees, the court determined it did "not find [plaintiff] should shoulder the entire cost of her counsel's fees since

---

[3] The court also noted that while it previously accepted the representations of defendant in the initial motion that his adjusted gross income was $60,444, his 2022 CIS continues to reflect a gross income in the amount of $94,369. The court further stated it cannot reconcile the W-2s supplied by defendant with the amount he claims he actually earned.

[4] The court noted that using defendant's actual earnings from 2023 "supported by his pay stubs," and the sole parenting worksheet, defendant's child support obligation actually increased from $123 to $173.

this motion for reconsideration failed to persuade the court of any incorrect decision."  The court further explained it "will allow some contribution from [defendant] to [plaintiff]'s fees" because defendant "has discretionary funds of $30,000 per year," and he has a "far greater income."  The court engaged in an RPC 1.5(a) analysis to determine the reasonableness of the counsel fees, and found an award of $1,500[5] "to be [a] reasonable contribution from [defendant] based upon the time [expended], thus far, and the results incurred."

This appeal ensued.

## II.

Defendant argues the trial court erred by failing to consider relevant factors in calculating the child support, designating plaintiff as the PPR, utilizing the sole parenting worksheet, and awarding counsel fees to plaintiff.

Our review of a Family Part judge's findings is limited.  We "afford substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters."  W.M. v. D.G., 467 N.J. Super. 216, 229 (App. Div. 2021) (citing Cesare v. Cesare, 154 N.J. 394, 413 (1998)).  We review a Family Part judge's imputation of income and child support determination for an abuse of discretion.  Elrom v. Elrom, 439 N.J. Super. 424, 433 (App. Div.

---

[5]  Plaintiff requested $3,097.50 in counsel fees.

2015).  "Reversal is warranted only if the findings were 'so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Amzler v. Amzler, 463 N.J. Super. 187, 197 (App. Div. 2020) (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)).  We review questions of law de novo. Amzler, 463 N.J. Super. at 197.  Further, we "will not disturb the trial court's reconsideration decision, 'unless it represents a clear abuse of discretion.'" Kornbleuth v. Westover, 241 N.J. 289 (2020) (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994)).

Defendant argues the trial court's worksheet "was the product of misuse of the child support guidelines" because the trial court "wholly ignored the equitable considerations that one is directed to employ to arrive at a fair and just child support award."  Defendant contends the trial court failed to consider "other relevant factors" and "employed alimony focused 'need-based' considerations."

Defendant further argues the trial court ignored that the parties adopted an equal parenting time plan and that defendant earns approximately $60,000 per year while plaintiff earns a comparable $50,000 a year.  Defendant contends the judge ignored "mathematical 'equities'" in favor of her personal opinion that

plaintiff had a greater need for child support. Defendant further argues the court did not properly consider the three consumption categories which comprise a basic child support award: (1) fixed expenses, (2) variable expenses, and (3) controlled expenses. He relies on <u>Wunsch-Deffler</u> and <u>Benisch</u>[6] to support his argument that "the trial court is tasked to 'effect justice between the parties' in light of the underlying mathematical assumptions associated with the proper use of the Guidelines."

Child support awards are governed by <u>Rule</u> 5:6A, and generally follow the child support guidelines, which "may be modified or disregarded by the court only where good cause is shown." <u>R.</u> 5:6A. The <u>Rule</u> states:

> The guidelines set forth in Appendix IX of these Rules shall be applied when an application to establish or modify child support is considered by the court. . . . Good cause shall consist of a) the considerations set forth in Appendix IX-A, or the presence of other relevant factors which may make the guidelines inapplicable or subject to modification, and b) the fact that an injustice would result from the application of the guidelines. In all cases, the determination of good cause shall be within the sound discretion of the court.

> A completed child support guidelines worksheet in the form prescribed in Appendix IX of these Rules shall be filed with any order or judgment that includes child support that is submitted for the approval of the court. If a proposed child support award differs from

---

[6] <u>Benisch v. Benisch</u>, 347 N.J. Super. 393 (App. Div. 2002).

the award calculated under the child support guidelines, the worksheet shall state the reason for the deviation and the amount of the award calculated under the child support guidelines.

[Ibid.]

In Benisch, we noted a "court should not feel constrained from varying the method of applying the Guidelines in order to accomplish the underlying purpose of our family law jurisprudence, the rules of procedure and the Guidelines themselves: effecting substantial justice between the parties." 347 N.J. Super. at 401. Here, the parties do not dispute that both plaintiff and defendant share parenting time equally. However, defendant takes issue with the court designating plaintiff as the PPR despite the fact the court noted that plaintiff "is designated as PPR per the parties' MSA."

The MSA explicitly states "[plaintiff] shall be designated as the [PPR], however, the parties anticipate that they will enjoy a shared parenting time plan . . . ." Thus, the trial court designating plaintiff as PPR is not so wholly unsupported by the record as to result in a denial of justice. See Colca v. Anson, 413 N.J. Super. 405, 413 (App. Div. 2010) ("Generally, we reverse only when our review discerns the trial court's findings 'are so wholly un-supportable as to result in a denial of justice[.]'") (alteration in original) (quoting Meshinsky v. Nichols Yacht Sales, Inc., 110 N.J. 464, 475 (1988)).

A-0021-23

Here, the court addressed defendant's contention that because plaintiff lives with her parents, she "is not solely responsible for housing expenses." The court utilized a sole parenting worksheet instead of a shared parenting worksheet despite potential household income from plaintiff's parents because her income "is barely at the recommended level the guidelines consider appropriate for shared parenting," and plaintiff is also not responsible for housing expenses. Viewing the court's careful analysis of the income and parenting time between the parties, we discern no basis to disturb the trial court's conclusion. The trial court did not unjustly calculate defendant's child support obligation because it clearly applied both plaintiff's and defendant's incomes, ran the guidelines, and determined:

> The case seems back at square one in terms of [defendant]'s income which he now certifies was $94,000 in 2022, [approximately] $30,000 more than he has represented to this court throughout the [three] motions he has filed. [Plaintiff]'s income, however, remains as she has stated previously. . . . When this court runs Guidelines again, using [defendant]'s 2023 actual earnings supported by his pay stubs, [his] child support obligation goes up using the sole parenting worksheet from $123 to $173 per week. Even using the shared parenting worksheet, as [defendant] urges, would present $115 per week, an $8 difference. The court will not adjust the original calculation and it shall remain at $123 per week.

A-0021-23

This court did not base its decision on incorrect reasoning and did not fail to consider the proper number of people residing in [plaintiff]'s household. As spelled out in the order, [plaintiff] is designated as PPR per the parties' MSA. The court rejected [defendant]'s arguments that a shared parenting worksheet is appropriate because [plaintiff]'s income is too low to meet the minimum level for the self-support reserve. Her 2022 income is even lower than what was presented in the prior motion, while [defendant]'s income appears to be well above what he asserts it to be.

"The trial court has substantial discretion in making a child support award." Foust v. Glaser, 340 N.J. Super. 312, 315 (App. Div. 2001). A child support award that is consistent with the applicable law "will not be disturbed unless it is manifestly unreasonable, arbitrary, or clearly contrary to reason or to other evidence, or the result of whim or caprice." Gotlib v. Gotlib, 399 N.J. Super. 295, 309 (App. Div. 2008) (internal quotation marks omitted).

We affirm substantially for the reasons set forth by the trial court in both its initial and reconsideration decisions. We observe that defendant's assertion that the parties' respective annual incomes were "extremely comparable" is belied by the trial court's findings based on defendant's CIS and the court's calculations regarding his pay stubs. Thus, the court was not operating on the assumption that defendant only made $10,000 more than plaintiff annually. Rather, the court found defendant was making between $94,000 and $100,000—

nearly double plaintiff's salary.  Accordingly, the court did not err in denying defendant's request for a downward modification of his child support obligation.

Defendant next argues the trial court erred by using the sole parenting worksheet "despite the fact that the parties enjoy a . . . true shared parenting time plan."  Defendant also contends the trial court "erroneously asserted that 'use of the sole v. shared worksheets rests solely in this court's discretion[.]'"  Defendant asserts Appendix IX-A, paragraph 14(d) of the Guidelines limits defaulting to the sole parenting worksheet except in two scenarios.

The child support guidelines, in part, provide that the sole parenting worksheet shall be used in the following cases:

> no time sharing (i.e., the child resides with a parent 100% of the time), shared parenting ([Parent of Alternative Residence] Time) below the substantial equivalent of two or more overnights per week (28% of overnights), split-parenting (i.e., multiple children; at least one child residing with each parent), and shared-parenting situations in which an adjusted award results in the PPR's net household income falling below the PPR household income reserve set forth in Appendix IX-A, paragraph 14(d).
>
> [Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-B to R. 5:6A (2024) (sole parenting).]

Paragraph 14(d) explains:

14

d.    Unless the parties otherwise agree, the final child support order shall not be based on a calculated shared-parenting award if:

(1)    the PPR's weekly household net income (including means-tested income such as [Temporary Assistance to Needy Families] and the net income of other adults living in the household) plus the shared-parenting child support award is less than two times the U.S. poverty guideline for the number of persons in the household (PPR household income thresholds are shown in table below); or

(2)    in any case, the court finds that the net income of the primary household remaining after the calculation of the shared-parenting award is not sufficient to maintain the household for the child. When evaluating the adequacy of the primary household's total income, the court shall consider the cost of living in the region where the child resides (e.g., the average cost of housing, food, and transportation).

When determining the PPR's household income to evaluate the primary household income threshold, the court may impute income to the PPR in accordance with Appendix IX-A, paragraph 12.

[Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5:6A, ¶ 14(d).]

A-0021-23

Here, the court explained its rationale for applying a sole parenting worksheet:

> It is not proper to use a shared parenting worksheet, regardless of the shared parenting arrangement. Plaintiff's income is too low to meet the minimum level for the self-support reserve and as a result the guidelines will not allow a shared parenting calculation. Moreover, the court cannot apply Wunsch-Deffler to a sole parenting worksheet.

Here, it was reasonable for the trial court to use the sole parenting worksheet. The sole parenting worksheet was appropriate because the court found plaintiff's household income did not meet the minimum income necessary to use the shared parenting worksheet under the Guidelines. A parent who does not meet the income sufficient to maintain the household is one of the reasons, as set forth in Appendix IX-A, Paragraph 14(d), to not utilize the shared parenting worksheet, despite the fact that plaintiff and defendant enjoy a shared parenting schedule with their children. Moreover, the court alternatively calculated defendant's child support utilizing the shared parenting worksheet and found no substantial difference from its initial calculations. In short, we are satisfied the court did not err, and its decision was sufficiently supported by the record.

Lastly, defendant argues the court "based the award of counsel fees on the presumption that [d]efendant failed to identify error" and "[s]hould the [a]ppellate [c]ourt be inclined to accept the arguments relating to error by the trial court[,] . . . it follows that the basis for the award of counsel fees . . . is extinguished."

"We will disturb a trial court's determination on counsel fees only on the 'rarest occasion,' and then only because of clear abuse of discretion." Barr v. Barr, 418 N.J. Super. 18, 46 (App. Div. 2011) (quoting Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008)); see also Slutsky v. Slutsky, 451 N.J. Super. 332, 365-66 (App. Div. 2017). N.J.S.A. 2A:34-23 authorizes a judge to award counsel fees in a family matter after the judge considers "the factors set forth in the court rule on counsel fees, the financial circumstances of the parties, and the good faith or bad faith of either party." Chestone v. Chestone, 322 N.J. Super. 250, 255-56 (App. Div. 1999) (quoting N.J.S.A. 2A:34-23). Rule 5:3-5(c) states that a court should consider nine factors, including "the reasonableness and good faith of the positions advanced by the parties."

The court explained its decision to award plaintiff counsel fees:

> [Plaintiff ] sought counsel fees of $3,097.50 as set forth in her attorney's certification, but this included time for travel which was not incurred. [Defendant] did not seek counsel fees. The court is uncertain as to how much he

17

has incurred. The court denied [plaintiff]'s previous request for fees because of the underlying merits of the parties' claims, and the financial circumstances of both parties. In this present motion, however, the court does not find [plaintiff] should shoulder the entire cost of her counsel's fees since this motion for reconsideration failed to persuade the court of any incorrect decision. Moreover, [defendant]'s own CIS and current pay stubs reveal that he was, in fact, earning over $90,000 per year when he had been arguing this was a mistake all along. The parties are not in equal financial positions. [Defendant] has far greater income. [Defendant]'s budget from his CIS, when considering the net income reflected in his pay stubs, supports he has discretionary funds of $30,000 per year. Thus[,] the court will allow some contribution from [defendant] to [plaintiff]'s fees.

The court engaged in an RPC 1.5(a) analysis regarding the reasonableness of the fees. Applying the factors, the court found the fees incurred to be reasonable and awarded $1,500. The judge properly addressed the factors under Rule 5:3-5(c) in rendering its decision and awarded a portion of the fees requested by plaintiff. We conclude the trial court did not misapply its discretion in awarding counsel fees and discern no basis to disturb the court's findings.

To the extent we have not otherwise commented on them, we have duly considered defendant's other arguments and conclude they lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

18

A-0021-23