809 A.2d 840 (2002)
355 N.J. Super. 168
Rocco S. FODERO, Plaintiff-Appellant,
v.
Holly FODERO, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted October 29, 2002.
Decided November 20, 2002.
*841 Drazin and Warshaw, attorneys for appellant (Vincent L. Stripto, on the brief).
Efros & Wopat, attorneys for respondent (John W. Wopat, III, on the brief).
Before Judges SKILLMAN, CUFF and LEFELT.
The opinion of the court was delivered by CUFF, J.A.D.
In this post-judgment matrimonial matter, we review an order modifying plaintiff's child support obligation. The order is accompanied by a child support guidelines worksheet but no findings of fact. We remand for the requisite findings of fact.
A Judgment of Divorce was entered on August 19, 1993. In accordance with the property settlement agreement, defendant Holly Fodero was given custody of the two children, one born in 1987 and the other in 1990. Plaintiff Rocco Fodero was obligated to pay defendant $200 weekly in child support.
Plaintiff was injured in a work-related accident. Eventually, he filed for and is presently receiving a disability pension through his union. He has also been able to earn additional income. In 1999, plaintiff earned over $37,000. The amount of plaintiff's additional earned income is in dispute. Defendant's income has improved since 1993. At the time of the divorce, defendant worked part-time and earned $7.50 an hour. Defendant earned in excess of $36,000 in 1999.
On September 5, 2000, plaintiff filed a motion to reduce his child support due to changed financial circumstances. In an order dated September 27, 2000, the motion judge required defendant to submit a current Case Information Statement and the necessary attachments. In an oral opinion, the motion judge found that plaintiff did not establish changed circumstances but further found that plaintiff was entitled to a "three year review" of his child support obligation. Following the submission of this information, an order was entered on December 13, 2000, reducing plaintiff's child support obligation from $200 to $183 a week. As required by Rule 5:6A, a completed child support guidelines worksheet was attached to the order.
Rule 1:7-4 requires a judge to provide findings of fact and conclusions of law on every motion decided by a written order that is appealable by right. That was not done in this case in spite of a clear issue regarding the amount of income plaintiff has earned and is capable of earning. Furthermore, we cannot determine the source of the figures used by the motion judge which form the foundation for the child support calculations. Attachment of the child support guidelines worksheet to an order for child support is not a substitute for a statement of reasons for the decision, particularly when the amount of income earned by one of the parties is in dispute. Elkin v. Sabo, 310 N.J.Super. 462, 470-71, 708 A.2d 1225 (App.Div.1998).
*842 The matter is remanded for appropriate findings of fact and conclusions of law and reconsideration of plaintiff's application for modification of child support in light of those findings. The remand shall be completed within sixty days. We retain jurisdiction.