**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2258-22

ASHLEY J. COLEMAN,

    Plaintiff-Respondent,

v.

THOMAS S. COLEMAN,

    Defendant-Appellant.

_____

        Submitted September 10, 2024 – Decided September 30, 2024

        Before Judges Firko and Augostini.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Camden County, Docket No. FM-04-1200-20.

        Thomas S. Coleman, appellant pro se.

        Cockerill, Craig & Moore, LLC, attorneys for respondent (Christine C. Cockerill, on the brief).

PER CURIAM

Defendant Thomas S. Coleman appeals from certain provisions of an amended dual final judgment of divorce (ADJOD) dated February 15, 2023, pertaining to child support and equitable distribution. Because the trial court erred in designating plaintiff as parent of primary residence (PPR), calculating child support, and in denying equitable distribution of certain marital property, we reverse and remand for a plenary hearing on these issues.

I.

Plaintiff Ashley J. Coleman and defendant married in May 2006 and have three children: A.C.[1] born in 2009; D.C. born in 2011; and C.C. born in 2015. Plaintiff filed for divorce on May 20, 2020.

After trial had commenced, on April 19, 2022, the parties resolved many of the issues and placed a stipulation of settlement on the record. The parties further agreed to submit the following unresolved issues to the court for adjudication "on the papers": (1) child support; (2) custody and parenting schedule for the parties' oldest son, A.C.; (3) equitable distribution of the parties' personal bank accounts and vehicles; and (4) division of marital debt. The court took limited testimony from the parties on the custodial arrangement for the parties' oldest child.

---

[1] We use initials to protect the identity and confidentiality of the child.

A-2258-22

On August 1, 2022, the court placed its ruling regarding the contested issues on the record and issued a Dual Final Judgment of Divorce (DJOD), which incorporated the stipulations placed on the record on April 19, 2022. The court granted the parties joint legal and physical custody of the three children and determined the oldest child should be subject to the same custody arrangement as his younger siblings. Thus, the parties enjoyed a co-equal parenting schedule with all three children. The court designated plaintiff as PPR and defendant as parent of alternate residence (PAR). Referring to the oldest child, the court noted that because both parties lived in the same city, "[A.C.] would attend the same school no matter which parent is deemed parent of primary residence."

Both parties are W-2 wage earners. As to child support, the court determined, from each party's W-2 wage and tax statements, plaintiff's gross income as $234,449.92 and defendant's gross income as $150,172.98. The court further credited plaintiff with paying $116 per week for the children's health insurance and included work related childcare amounts. The court found that the parties received "at least $22,000 in gifts from . . . defendant's father each year" and added this amount to defendant's income. Plaintiff's counsel submitted two child support shared parenting worksheets dated May 27, 2022

3

for consideration. The first worksheet designated defendant as PPR owing child support to plaintiff in the amount of $123 per week. The second worksheet designated plaintiff as PPR owing child support to defendant in the amount of $101.

After setting forth the parties' respective incomes, the court stated,

> Defendant shall be obligated to pay child support to the plaintiff in the amount of $123 per week consistent with the New Jersey Child Support Guidelines, as attached as Exhibit B and C to plaintiff's closing summation filed with the [c]ourt on May 27th, 2022.

Contrary to the decision placed on the record, the DJOD dated August 1, 2022, directed plaintiff to pay defendant child support in the amount of $123 weekly. Shortly after receiving the judgment, plaintiff's counsel submitted a letter advising that plaintiff and defendant designations regarding the child support provision in the DJOD were interposed. Defendant objected, and this issue, in part, necessitated a post-judgment motion and cross-motion.

In September 2022, plaintiff filed a motion under Rule 4:50-1(a) to correct the interposed designations on the judgment. Defendant filed a cross-motion to recalculate child support, eliminate the PPR designation and enforce litigant's rights regarding provisions in the settlement agreement.

Following oral argument on November 18, 2022, the court acknowledged the mistake in the DJOD interposing plaintiff and defendant designations and modified the DJOD to provide defendant "is obligated for . . . child support at $123 per week." Without further explanation, the court stated that plaintiff would "continue to be the parent of primary residence." The court did not modify the child support award, nor address further the equitable distribution decision previously made regarding marital property. The court issued a uniform summary support order (USSO) dated November 30, 2022 memorializing the decision. The order obligated defendant to pay child support to plaintiff in the amount of $123 retroactive to September 1, 2022.

Regarding enforcement issues, the court directed the release of monies from the sale of the parties' rental properties to defendant, and plaintiff was directed to show proof of efforts to refinance the marital property. Additionally, the order required plaintiff's counsel to submit an "amended Final Judgment of Divorce to the court under the five day rule within 14 days[,]" while "[a]ll other provisions of the Final Judgment of Divorce shall remain in full force and effect."

Following the hearing, in December 2022, defendant's counsel filed a motion to be relieved, which was granted on January 20, 2023. Plaintiff's

counsel submitted an ADJOD to defendant, now self-represented, under Rule 4:42-1(c), commonly referred to as the five-day-rule, on February 9, 2023. The ADJOD was entered on February 15, 2023 "nunc pro tunc". This appeal followed.

On appeal, defendant contends the court erred in designating plaintiff as the PPR, an issue not before the court, and erred in failing to independently calculate child support. Defendant further asserts the court erred in failing to equitably divide certain marital property and in not enforcing its orders.

Plaintiff initially contends, however, that defendant's appeal is time-barred and we start with that issue.

II.

Plaintiff argues defendant's appeal is out of time and should be rejected. Defendant asserts his appeal, filed on March 24, 2023 from the amended judgment dated February 15, 2023, is within time. We reject plaintiff's challenge to the timeliness of defendant's appeal and find it timely filed.

Defendant's main contentions on appeal relate to the court's designation of plaintiff as PPR and establishing a child support obligation owed to plaintiff, and the court's failure to equalize the value of the parties' vehicles. These issues were initially addressed in the court's decision on August 1, 2022, and

memorialized, incorrectly in part, in the DJOD provided to the parties on August 8, 2022. Following oral argument on the motion and cross-motion heard on November 18, 2022, the court issued a USSO dated November 30, 2022, correcting the child support payor designation in relevant part. The ADJOD was not issued until February 15, 2023.

Defendant filed his initial notice of appeal on March 24, 2023. On April 21, 2023, he filed an amended notice of appeal.

Plaintiff argues defendant's time to appeal the August 1, 2022, DJOD expired on October 3, 2022. Alternatively, plaintiff avers defendant's time to appeal the November 30, 2022, USSO, which resolved the mistaken payor designation, expired on January 15, 2023.[2] Plaintiff further contends the ADJOD did not substantively modify the DJOD, but rather, corrected a clerical error. We disagree.

This ADJOD correctly memorializes the court's decision establishing plaintiff as the PPR and defendant as owing child support to plaintiff in the amount of $123 weekly. The ADJOD permitted the parties to retain their own

---

[2] Plaintiff's brief asserts defendant's time to appeal the November 30, 2022 order expired on January 17, 2023, and later states January 15, 2023.

A-2258-22

vehicles but determined that the "value of the vehicles shall not be subject to equitable distribution."

"The general rule is that where a judgment is amended in a material and substantial respect the time within which an appeal from such determination may be taken begins to run from the date of the amendment . . . . " Newark v. Fischer, 3 N.J. 488, 492-93 (1950). However, "where an amendment relates solely to the correction of a clerical or formal error in a judgment it does not toll the time for appeal." Ibid.

Here, with respect to the issue of child support, the change to the judgment is a substantive issue and not merely the correction of a clerical error. Both child support worksheets provided to the court designated a different parent as PPR. At the hearing on August 1, 2022, the court stated there was no reason to deviate from the guidelines. While the judge stated on the record that defendant was obligated to pay plaintiff child support, the amount of the obligation, namely $123, was derived from the worksheet indicating defendant as PPR. The August 1, 2022, judgment, however, stated plaintiff was obligated to pay defendant child support, contradicting what the court had stated on the record.

We are satisfied that the ADJOD substantively altered the August 1, 2022, judgment as to which parent was obligated to pay child support. Pursuant to

Rule 2:4-1, defendant's initial notice of appeal filed on March 24, 2023, was filed within forty-five days of the issuance of the ADJOD on February 15, 2023. As a result, we are satisfied defendant's appeal of the ADJOD is timely.

III.

Our review of orders issued by Family Part judges is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). We "review [a] Family Part judge's findings in accordance with a deferential standard of review, recognizing the court's 'special jurisdiction and expertise in family matters.'" Thieme v. Aucoin-Thieme, 227 N.J. 269, 282-83 (2016) (quoting Cesare, 154 N.J. at 413). "[F]indings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Cesare, 154 N.J. at 411-412 (citing Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)).

"We invest the family court with broad discretion because of its specialized knowledge and experience in matters involving parental relationships and the best interests of children." N.J. Div. of Youth & Fam. Servs. v. F.M., 211 N.J. 420, 427 (2012). We accord "great deference to discretionary decisions of Family Part judges." Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012). However, we review de novo "the trial judge's legal conclusions, and the application of those conclusions to the facts

9

[. . . .]" Elrom v. Elrom, 439 N.J. Super. 424, 433 (App. Div. 2015) (quoting Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013)).

### A.    PPR Designation and Child Support

Trial courts are afforded "substantial discretion in making a child support award" and "[i]f consistent with the law, such an award will not be disturbed unless it is 'manifestly unreasonable, arbitrary, or clearly contrary to reason or to other evidence, or the result of whim or caprice.'" Foust v. Glaser, 340 N.J. Super. 312, 315-16 (App. Div. 2001) (quoting Raynor v. Raynor, 319 N.J. Super. 591, 605 (App. Div. 1999)). The court's child support determination must be memorialized in an order, annexing the guidelines' worksheet and supported by the court's reasoning. Fodero v. Fodero, 355 N.J. Super. 168, 170 (App. Div. 2002).

Child support awards are governed by Rule 5:6A. Generally, the child support guidelines in Appendix IX of the New Jersey Court Rules "shall be applied when an application to establish or modify child support is considered by the court." R. 5:6A. The child support guidelines "may be modified or disregarded by the court only where good cause is shown." R. 5:6A. In this context,

> [g]ood cause shall consist of a) the considerations set forth in Appendix IX-A, or the presence of other relevant factors which may make the guidelines inapplicable or subject to modification, and b) the fact that injustice would result from the application of the guidelines. In all cases, the determination of good cause shall be within the sound discretion of the court.
>
> [Ibid.]

"The guidelines are not strictly applicable where family income exceeds the maximum tabled amount in Appendix IX-F." Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-F, Comment to R. 5:6A (2025). Specifically, in those families where the "combined net income of the parents is more than $187,200 per year, the "court shall apply the [G]uidelines up to $187,200 and supplement the [G]uidelines-based award with a discretionary amount based on the remaining family income . . . and the factors specified in N.J.S.A. 2A:34-23." Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5:6A, ¶ 20(b) (2025); see also Caplan v. Caplan, 364 N.J. Super. 68, 85-86 (App. Div. 2003). We have "recognized that where the parties have the financial wherewithal to provide for their children, the children are entitled to the benefit of financial advantages available to them." Isaacson v. Isaacson, 348 N.J. Super. 560, 579 (App. Div. 2002), certif. denied, 174 N.J. 364 (2002).

11

In determining a supplemental child support award, the trial court's analysis begins with assessing the "reasonable needs" of the children. Caplan, 364 N.J. Super. at 86. A court must strike a balance "between reasonable needs, which reflect lifestyle opportunities, while at the same time precluding an inappropriate windfall to the child or even in some cases infringing on the legitimate right of either parent to determine the appropriate lifestyle of a child." Isaacson, 348 N.J. Super. at 582. "Any increase in a child support award must be made after consideration of the relevant statutory criteria for such award pursuant to N.J.S.A. 2A:34-23(a)." Id. at 580. In making these fact-sensitive determinations, "[j]udges must be vigilant in providing for 'needs' consistent with lifestyle without overindulgence[.]" Id. at 583.

The "careful balancing of interests" that a trial court must undertake in determining the supplemental obligation will often require factual determinations and credibility assessments, making a plenary hearing necessary. Id. at 582; see also Dunne v. Dunne, 209 N.J. Super. at 559, 568 (1986); Fall & Romanowksi, Current N.J. Fam. L., Child Custody, Protection & Support § 35:3-3 (2024). During a hearing, the court must consider, but is not limited to, these factors:

(**1**) Needs of the child;
(**2**) Standard of living and economic circumstances of each parent;

**(3)** All sources of income and assets of each parent;
**(4)** Earning ability of each parent, including educational background, training, employment skills, work experience, custodial responsibility for children including the cost of providing child care and the length of time and cost of each parent to obtain training or experience for appropriate employment;
**(5)** Need and capacity of the child for education, including higher education;
**(6)** Age and health of the child and each parent;
**(7)** Income, assets and earning ability of the child;
**(8)** Responsibility of the parents for the court-ordered support of others;
**(9)** Reasonable debts and liabilities of each child and parent; and
**(10)** Any other factors the court may deem relevant.

[N.J.S.A. 34:-23(a)]

Here, the family's combined income exceeded the maximum amount of the guidelines, yet the court did not deviate from the guidelines. The trial court undertook no analysis of the factors under N.J.S.A. 2A:34-23(a) to determine whether the base award should be increased in light of the family's higher earnings. We conclude the court erred in not conducting a hearing and undertaking this analysis.

We next turn to the PPR designation and its effect on child support. The child support guidelines define PPR and PAR. "In shared-parenting situations, a parent's designation is related to the time the child spends in that parent's residence." Child Support Guidelines, Pressler & Verniero, <u>Current N.J. Court Rules</u>, Appendix IX-A, ¶ 14(b) (2025). PPR is defined as "[t]he parent with

whom the child spends most of his or her overnight time." Id. The primary residence is the home where the child resides for more than 50% of the overnights annually." Id. at ¶ 14(b)(1). Importantly, the Guidelines state that "[e]ither the PPR or the PAR may be the obligor of the support order depending on income and the time spent with the child." Id.

As we underscored in Benisch v. Benisch, 347 N.J. Super. 393, 396 (App. Div. 2002), "the designation of PPR and PAR is not an insignificant matter. It has tangible, monetary effects." The shared parenting worksheets submitted to the court in this matter demonstrate this point; the child support obligation varied depending on which parent was designated as PPR.

Defendant argues the court erred in making this determination because it was not before the court. However, because the PPR determination is part of the guidelines consideration, the court did not err in making this determination for purposes of establishing child support. The trial court erred, however, in designating plaintiff as PPR without explaining its reasoning for doing so. See R. 1:7-4. Here, there is no dispute that the children spend equal time with their parents and that plaintiff's gross earned income is higher than defendant's even with the added amount of income gifted from defendant's father. Considering

14

these facts, we are unable to discern from the record the court's rationale for this decision.

The shared parenting worksheet accounts only for the PPR incurring "controlled expenses," such as clothing or entertainment costs, for the children. Wunsch-Deffler v. Deffler, 406 N.J. Super. 505, 508 (Ch. Div. 2009); see Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A, ¶ 14(g) (2025). In a true 50/50 parenting time situation, where both parents are incurring these costs routinely, a deviation or adjustment to the guideline award may be appropriate to account equally for these shared expenses. Benisch, 347 N.J. Super. at 400-401.

In Benisch, to correct "what otherwise would seem to be an injustice in applying the Guidelines without accounting for the . . . equal custody time between two parents[,]" we proposed either dividing the controlled expenses between the parents or designating both parents as PPR on the shared parenting worksheets and subtracting the difference. Benisch, 347 N.J. Super. at 401. Later, in Wunsch-Deffler, the court proposed a "three-step procedure" to adjust the parent's child support obligation, accounting for "controlled expenses" paid by both parents. Wunsch-Deffler, 406 N.J. Super. at 509. "[A] shared-parenting adjustment is 'factually sensitive'"[.] Fall & Romanowksi, Current N.J. Fam. L.,

Child Custody, Protection & Support § 35:2-2(b)(3) (2024); see also Lall v. Shivani, 448 N.J. Super. 38, 51 (App. Div. 2016).  As we stated in Benisch, "if the court has some [other] alternative which it deems more desirable, it should not feel preempted from employing such a device" to effectuate "substantial justice between the parties."   Benisch, 347 N.J. Super. at 401.

The trial court also erred in not considering whether an adjustment to the base child support obligation was appropriate to account for the parties' shared parenting time.

Finally, defendant contends the court erred in including work related childcare expenses without having been provided with the supporting documentation for these expenses.  Defendant also asserts that the cost of medical coverage included on the guidelines worksheet incorrectly included the full cost of health insurance and not the premiums for the children's portion only.

Because we are remanding the matter to the trial court to consider anew the child support calculation, supporting documentation of childcare expenses and the portion of the children's health insurance premiums should be provided if these expenses are to be included in the guidelines calculation.

In this case, the child support guidelines provide only a starting point for the court's analysis.  On remand, the court may run the shared parenting

worksheets separately with each parent designated as PPR for consideration. However, the court must undertake an analysis, considering the factors under N.J.S.A. 2A:34-23(a) and the applicability of the Wunsch-Deffler doctrine, in making a final child support determination that satisfies the children's best interests.

## B. Equitable Distribution

Defendant argues the court erred in failing to equalize the values of the parties' respective vehicles, and instead, without explanation, determined that the vehicles were not marital property. We agree.

In its decision on August 1, 2022, the court stated the following regarding the vehicles:

> [B]oth parties' vehicles are paid in full and titled in their individual names as explained in defendant's closing summation. The plaintiff currently drives a 2016 Honda Odyssey which defendant asserts has a Kell[e]y Blue Book value of approximately $20,000.

> During the marriage defendant drove a 2008 Honda CRV, which he sold for 40 -- $4,500 on April 18th, 2021. Since defendant fails to explain what type of vehicle he owns or has been driving since April 2021 and also does not indicate if he used marital assets to obtain this vehicle, the [c]ourt concludes that each party shall retain their own vehicle, and the value of the vehicles -- so the vehicles shall not be subject to equitable distribution.

17

At the subsequent hearing on November 18, 2022, the court did not address this issue further.

"To fashion an equitable distribution award, the trial judge must identify the marital assets, determine the value of each asset, and then decide 'how such allocation can most equitably be made.'" Elrom, 439 N.J. Super. at 444 (quoting Rothman v. Rothman, 65 N.J. 219, 232 (1974)). Rule 1:7-4 requires the court to provide its findings of fact and conclusions of law as to the issues before it. The trial court did not adequately explain its determination that the parties' vehicles were not "marital property" subject to distribution. Marital property is defined as property, "both real and personal, which was legally and beneficially acquired by . . . [the spouses] or either of them during the marriage." Painter v. Painter, 65 N.J. 196, 215 (1974).

The trial court made no finding as to when the vehicles were purchased and only noted that defendant failed to explain "what type of vehicle he owns or has been driving since April 2021" – a date well after the filing of the divorce complaint in May 2020.

To the extent we have not addressed them, any remaining arguments raised by defendant lack sufficient merit to warrant discussion in a written decision. R. 2:11-3(e)(1)(E).

In sum, we reverse and remand to the trial court to consider anew its designation of plaintiff as PPR and establishment of child support in light of the guiding principles we have discussed. A hearing shall be conducted on the issue of child support, at which time the trial court must consider the statutory factors specified in N.J.S.A. 2A:34-23(a) in light of the family's higher income, and the applicability of the Wunsch-Deffler doctrine given the shared parenting arrangement.

We reverse and remand as to the equitable distribution of the parties' respective vehicles for the court to make appropriate findings of fact and conclusions of law under Rule 1:7-4(a).

We express no opinion as to the outcome of the court's findings of fact or conclusions of law.

Reversed and remanded for further proceedings consistent with our opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2258-22