**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2662-23

HELEN SCHWARZ n/k/a
HELEN RAMIREZ,

     Plaintiff-Appellant,

v.

BRIAN SCHWARZ,

     Defendant-Respondent.

_____

Submitted September 23, 2025 – Decided October 15, 2025

Before Judges Sumners and Augostini.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FM-13-0865-11.

Law Offices of Richard A. Amdur, Jr., LLC, attorney for appellant (Richard A. Amdur, Jr., of counsel and on the brief).

Gale & Laughlin, LLP, attorneys for respondent (Jordan S. Gale, on the brief).

PER CURIAM

In this post-judgment matrimonial matter, plaintiff Helen Schwarz, also known as Helen Ramirez, appeals from two orders issued by the Family Part on April 19, 2024 and December 14, 2023, regarding child support, tuition costs, and extracurricular activities. We affirm the child support award. However, because the trial court erred by not explaining its reasons for the parties' share of tuition costs and extracurricular activities, and did not address payment of extraordinary expenses, we vacate and remand on these issues.

I.

After a four-year marriage resulting in a child born in 2011, the parties were divorced in 2011 pursuant to a Judgment of Divorce. At the time of their divorce, they entered into a Property Settlement Agreement (PSA) in which they resolved all issues, including custody, parenting time, and child support.

Regarding custody, the parties agreed to share legal and physical custody. Because of their shared parenting arrangement, the parties deviated from the New Jersey Child Support Guidelines (the guidelines) and agreed that they would each pay for the child's expenses during their parenting time. The parties also agreed to share the cost of the child's extracurricular activities with defendant being responsible for sixty percent of related expenses and plaintiff being responsible for forty percent of those costs.

The parties later agreed that their son would attend private school. Defendant agreed to pay the child's private school tuition, although this arrangement was not memorialized in their PSA.

The parties continued to adhere to the shared parenting arrangement in their PSA for a number of years. In April 2020, due to the impact of the COVID-19 pandemic and remote learning on the child, defendant agreed to temporarily modify the parenting schedule to minimize the impact of the "back and forth" between the parties' homes on the child's remote learning and "to ease tensions." Defendant alleged that because the parenting schedule did not return in due course to the prior parenting arrangement, in January 2021, he filed a motion to reinstate it.

In a March 19, 2021 order, the court denied defendant's request to re-establish parenting time, and instead, directed the parties to attend mediation. Mediation was unsuccessful and the parties' prior shared parenting schedule did not resume.

In 2023, in light of the changed parenting schedule, plaintiff filed a motion seeking to establish child support and to direct defendant to reimburse her for the child's expenses and private school tuition. Defendant did not respond to the motion. In a September 29, 2023 order, in relevant part, the court established

3

a child support obligation for defendant of $250 weekly "without prejudice to recalculation after [the] exchange of [the] parties' [case information statements] and financial information." The court continued the payment of the child's expenses pursuant to the parties' PSA with defendant paying sixty percent and plaintiff paying forty percent of those costs. Pursuant to this income allocation, defendant was ordered to pay his share of the following expenses: (1) tutoring; (2) unreimbursed medical expenses; (3) therapy; (4) extracurricular activities; (5) the child's birthday party; and (6) other expenses pursuant to the PSA.[1] In terms of tuition, defendant was ordered to reimburse plaintiff $7,400, "representing the annual tuition" for the parties' son's private school.

Defendant filed for reconsideration, seeking to re-establish parenting time with the child. Following the hearing on December 14, 2023, the court issued an order directing, in part, for defendant and the child to attend reunification therapy.

At the December hearing, the court had the benefit of both parties' financial information. Having found a material change in circumstances because "the parties no longer share[d] equal parenting," the court ran the guidelines,

[1] In the September 29, 2023 order, the court refers to the parties' PSA as their Marital Settlement Agreement.

4

and consistent with those results, modified defendant's child support obligation to $129 per week. The court explained that it used plaintiff's "higher personal income" as plaintiff reported on her proposed guidelines worksheet. The court included twenty-six overnights per year for defendant which it explained was "less than the parties' agreement and more than is being exercised at the time." Additionally, the court noted that "[i]t is anticipated that reunification therapy will yield a regular overnight schedule."

Concerning private school tuition, the court directed defendant to pay seventy percent of private school tuition, with plaintiff paying thirty percent. The court modified the tuition reimbursement provision in the September 29, 2023 order because the court had not been advised that, while the motion was pending, defendant paid the full tuition amount.

Because a child support obligation had been established, the court noted the "[e]xtracurricular activities will be plaintiff's responsibility as they are part of ordinary child support." As a result, the parties would no longer share the child's extracurricular expenses in lieu of child support. However, the court did not address any future extraordinary expenses not included in the guidelines.

Thereafter, plaintiff untimely filed for reconsideration of the December 14, 2023 order. Setting aside the procedural defect, the court denied the motion

A-2662-23

on its merits; reasoning that "plaintiff's dissatisfaction with the court's reasons and calculation of child support do not persuade this court that it made a mistake." The court held that plaintiff did not provide legal support for her contentions and did not refer to "the [g]uidelines or any case law" in support of those assertions. The court stated, "[s]imply put, plaintiff is unhappy with the support figure, but that is not a reason to seek reconsideration."

On appeal, plaintiff contends the trial court erred by: (1) downwardly adjusting child support below defendant's proposed guidelines; (2) determining incorrectly the amount of tuition plaintiff should reimburse defendant; and (3) "lumping" extracurricular activities in with child support and not permitting plaintiff to obtain reimbursement for those various extracurricular activities.[2]

## II.

"When reviewing decisions granting or denying applications to modify child support, we examine whether, given the facts, the trial judge abused his or her discretion." J.B. v. W.B., 215 N.J. 305, 325-26, (2013) (quoting Jacoby v.

---

[2] Plaintiff's notice of appeal states that the April 19, 2024 order is being appealed in its entirety and the following paragraphs of the December 14, 2023 order: 4, 5, 6, 7, 10, 11, 12, 13, 14, 15 and 18. To the extent plaintiff's brief does not address issues relevant to the designated paragraphs of the orders, we decline to address them. Green Knight Capital, LLC v. Calderon, 469 N.J. Super. 390, 396 (App. Div. 2021) (quoting Woodlands Cmty. Ass'n v. Mitchell, 450 N.J. Super. 310, 319 (App. Div. 2017)); R. 2:6-2.

Jacoby, 427 N.J. Super. 109, 116, (App. Div. 2012)). "The trial court's 'award will not disturbed unless it is manifestly unreasonable, arbitrary, or clearly contrary to reason or other evidence, or the result of whim or caprice.'" Id. at 326 (quoting Jacoby, 427 N.J. Super. at 116). However, we review a Family Part judge's legal conclusion de novo. Elrom v. Elrom, 439 N.J. Super. 424, 433-34, (App. Div. 2015).

A child support order is not permanent and may be modified upon a showing of substantially changed circumstances and a related showing of need. Lepis v. Lepis, 83 N.J. at 157; Jacoby, 427 N.J. Super. at 116. A significant change in custody or parenting time constitutes a change in circumstances warranting modification of child support. See Winterberg v. Lupo, 300 N.J. Super. 125, 133, (App. Div. 1997).

Moreover, the changed circumstances analysis applies even when support has been fixed by an agreement incorporated into a divorce judgment. See J.B., 215 N.J. at 326-27. Parents may agree to allocate the payment of child support and deviate from child support guidelines, provided the terms of the agreement are fair and equitable, O.P. v. L.G.-P., 440 N.J. Super. 146, 155-56, (App. Div. 2015), and the interests of the child are not prejudiced, see Ordukaya v. Brown, 357 N.J. Super. 231, 241, (App. Div. 2003).

Generally, the child support guidelines in Appendix IX of the New Jersey Court Rules "shall be applied when an application to establish or modify child support is considered by the court." R. 5:6A. The annual number of overnights is a factor in applying the child support guidelines. See Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendices IX-A(14)(c)(2) and IX-D to R. 5:6A, www.gannlaw.com (2026).

## A.

We first address plaintiff's contention that the trial court erred by downwardly adjusting defendant's child support obligation below the guidelines offered by either party. Plaintiff argues the court's child support calculation is incorrect because, in its guidelines, the court included twenty-six overnights instead of zero, used plaintiff's higher income as she reported on her guidelines' worksheet, and credited defendant with the child's portion of the cost for health insurance.

Trial courts are afforded "substantial discretion in making a child support award" and "[i]f consistent with the law, such an award will not be disturbed unless it is 'manifestly unreasonable, arbitrary, or clearly contrary to reason or to other evidence, or the result of whim or caprice.'" Foust v. Glaser, 340 N.J. Super. 312, 315-16 (App. Div. 2001) (quoting Raynor v. Raynor, 319 N.J. Super.

591, 605 (App. Div. 1999)).  The court's child support determination must be memorialized in an order, annexing the guidelines' worksheet and supported by the court's reasoning.  Fodero v. Fodero, 355 N.J. Super. 168, 170 (App. Div. 2002).

The trial court properly concluded that circumstances of the parties' custodial arrangement had significantly changed, warranting a review of child support.  At the time the trial court established defendant's obligation, the court did not have defendant's income information.  Therefore, the trial court acted well within its discretion by reviewing the child support order after it received defendant's financial information.

Furthermore, the trial court correctly used the sole parenting worksheet to calculate child support based on the parties' present residential custodial arrangement.  The child support guidelines "require the filing of a sole or shared parenting worksheet for every case in which an order establishing or modifying child support is sought."  Fall & Romanowski, New Jersey Family Law: Child Custody, Protection & Support §35:1-2 (2026).

Regarding plaintiff's contention that the court should not have included any overnights in the child support calculation, we reject this contention for two reasons.  First, as the trial court explained, it was expected that overnights would

begin in the foreseeable future in light of the commencement of reunification therapy. Second, as the trial court further noted, the inclusion of twenty-six overnights had a "de minimis impact on the child support" award. Therefore, we discern no abuse of discretion by the inclusion of these overnights in the guidelines.

Further, plaintiff's additional claims regarding the inclusion of plaintiff's higher income figure and the child's share of the cost of health insurance are without merit.[3] The court used the income information provided by plaintiff. Moreover, plaintiff's proposed guidelines worksheet was "silent" as to health insurance premiums, while defendant provided proof of the costs for insurance through his health insurance provider. Therefore, the court did not abuse its discretion by including this information in the guidelines.

B.

Plaintiff next argues that the trial court erred in directing her to reimburse defendant $2,250, representing thirty percent share of the parties' son's tuition.

---

[3] In the December 14, 2023 order, the trial court stated that it also included defendant's costs for union dues. However, line 2b of the guidelines attached to the order do not include a monetary amount for mandatory union dues. Although neither party has raised this issue on appeal, based on the court's reasoning, it appears this may be a clerical oversight which may be corrected at any time. See R. 1:13-1.

The court directed defendant to "continue to pay [seventy percent]" of the school's tuition and plaintiff "will continue to pay [thirty percent]"[4] In granting defendant's request for tuition reimbursement, the court explained:

> Plaintiff failed to advise the court that while the motion was pending defendant paid the tuition. The court granted this relief based upon incorrect facts. The reimbursement shall be deducted from the other obligations owed by defendant.

This explanation, however, does not address the reasons the court adopted the income percentages of seventy and thirty for the parties' shares of tuition costs.

An essential requirement of our judicial process is that "[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right." R. 1:7-4(a). "Naked conclusions do not satisfy the purpose of R[ule] 1:7-4." Curtis v. Finneran, 83 N.J. 563, 570 (1980). In rendering child support awards, a trial court shall explain the basis for its determination. Elrom, 439 N.J. Super. at 443.

Here, the record is void of an explanation for the income percentages for the parties' share of the tuition costs. The trial court did not explain why the

---

[4] Although the court stated the percentage proportions were to "continue," the record is unclear as to the source of the seventy-thirty income percentages.

A-2662-23

income percentages of seventy and thirty percents were adopted rather than the income percentages of approximately sixty and forty percents as reflected on line 7 of the guidelines. The income percentages affect each party's share of the tuition and the amount of plaintiff's tuition reimbursement. Thus, pursuant to Rule 1:7-4(a), we are constrained to vacate the provisions in the order related to tuition costs and remand for further proceedings.

C.

Plaintiff contends the trial court also erred in "lumping" extracurricular activities into the basic support award, thus depriving her of obtaining reimbursement for these expenses. Plaintiff claims the child participated in a variety of activities totaling $4,636 and she sought reimbursement for sixty percent of those costs, or $2,781.60, which the court initially granted in paragraph eight of the September 29, 2023 order. In the December 14, 2023 order, the court reconsidered this decision, and explained:

> The court modifies the parties['] PSA because there is now a changed circumstance. The parties no longer share equal parenting. It is no longer fair or equitable to compel each parent to pay the expenses they incur for the child because defendant father has far less parenting time than at the time of the divorce. Therefore, the parties will no longer pay the expenses in lieu of child support. As the [guidelines] apply to this family, defendant father will pay child support via the Probation Division per the attached [g]uidelines.

12

> Extracurricular expenses will be plaintiff's responsibility as they are part of ordinary child support.

A child's ongoing, extracurricular activities, such as sports, hobbies, toys, social events, and lessons are included in the child support award. Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5:6, ¶ 8, www.gannlaw.com (2026). However, one-time, extraordinary expenses that are "not predictable and recurring" are to be shared by the parents in proportion to their incomes. Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5:6, ¶ 9, www.gannlaw.com (2026). Generally speaking, because "these expenses are not included in the support award, the procedure for sharing such costs should be set forth in the general language of the order or judgment." Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-B to R. 5:6, ¶ 12, www.gannlaw.com (2026).

In their PSA, the parties agreed that their son may participate in extracurricular activities so long that those activities were discussed and agreed upon ahead of time, with neither party unreasonably withholding consent. Once agreed upon, and because neither parent was paying child support, "the costs shall be split 60/40." However, after the court established a child support obligation pursuant to the guidelines, the court concluded that "[e]xtracurricular

expenses will be plaintiff's responsibility as they are part of ordinary child support."

However, the court did not identify the types of expenses included within the basic support amount and those that would not be included. See Child Support Guidelines, Pressler & Verniero, <u>Current N.J. Court Rules</u>, Appendix IX-F and Appendix IX-A, ¶8, www.gannlaw.com (2026). Moreover, the court did not address how the parties were to handle those expenses not included in the support award. Because the trial court did not distinguish between extracurricular activities included within the basic support obligation and those extraordinary expenses which are not, we agree with plaintiff that both expenses were "lumped" together and plaintiff was made responsible for all such expenses. This omission by the trial court requires a remand on this issue for clarification.

In sum, we affirm the court's child support determination pursuant to the guidelines. We vacate and remand for the court to consider anew the parties' respective income shares for tuition costs and extracurricular activities. We remand also for the court to address the process for payment of non-recurring, extraordinary expenses not included in the basic child support award and the parties' respective shares of these expenses.

A-2662-23

To the extent we have not addressed any arguments raised by plaintiff, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed in part; vacated and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

15                                                                                          A-2662-23